## BUTLER, Receiver, *v.* ASPINWALL.

(*Circuit Court, D. Massachusetts.* December 13, 1887.)

BANKS AND BANKING—INCREASE OF STOCK—LIABILITY.

Defendant subscribed for new stock in the reorganization of a bank, and received a certificate on the basis of a total subscription of $500,000. The actual increase was $461,300. He protested against the same, and refused to vote on the stock, but retained his certificate until the bank went into the hands of a receiver, several months later. *Held,* that he was liable to the receiver on his subscription, and it was too late to claim that the increase as to him was invalid.

At Law.

Peter Butler, receiver of the Pacific National Bank, plaintiff, sued William Aspinwall, defendant, for a subscription to an increase of the capital stock of the bank. Judgment for the plaintiff.

*A. A. Ranney,* for plaintiff.

*B. N. Johnson* and *T. H. Talbot,* for defendant.

COLT, J. This is an action at law heard by the court, jury trial having been waived. It is one of the numerous suits brought by the receiver of the Pacific National Bank against the stockholders, under section 5151, Rev. St. The facts in this case differ somewhat from those before the court in *Delano* v. *Butler,* 118 U. S. 634, 7 Sup. Ct. Rep. 39, and therefore the defendant contends that the reasoning of the court in that case is inapplicable here. The main ground on which the court placed its decision in the *Delano Case* was that the subsequent conduct of the stockholder, especially in the payment of the assessment of 100 per cent. on the old as well as the new stock, for the purpose of allowing the bank to resume business, amounted to a ratification of the validity of the new stock. In the present case, the defendant subscribed for the new stock on the proposed increase of $500,000, and received his certificate; but at the subsequent meeting of the stockholders in January, 1881, when he is quite positive, but not certain, he learned for the first time that the actual increase of stock was $461,300, instead of $500,000, he protested by himself, or through counsel, against the validity of the new stock. Upon the old stock, which he held as guardian or trustee, he voted against the assessment; upon the new stock, which was subscribed for in his own name, he refused to vote at all. His position therefore is that he subscribed to a proposed increase of stock which was never carried out, and that he has never, by implication or waiver, consented to the increase as finally approved. While the supreme court in *Delano* v. *Butler* decide the case on the ground of the subsequent conduct of the stockholder, amounting to a ratification of the act of the association and the comptroller of the currency in fixing the amount of the increase stock at a less sum, yet the court also say:

"It will be observed that, without waiting to see what the future action of the association and the comptroller of the currency might be on the question

of the ultimate amount of the increased stock, the plaintiff in error paid for his shares, and accepted his certificate. This he did, in legal contemplation, with knowledge of the law, which authorized the association and the comptroller of the currency to reduce the amount of the proposed increase to a less sum than that fixed in the original proposal of the directors; and such payment, and acceptance of certificates in accordance therewith, might amount, under such circumstances, on his part, to a waiver of the right to insist that he should not be bound unless the whole amount of the proposed increase should be subscribed for and paid in."

In the present case, I am of opinion that the acceptance of his certificate by the defendant, and the retention of the same during the period of reorganization, and until after the bank finally passed into the hands of a receiver in May, 1881, several months after all the facts were within his knowledge, amounted to a ratification on his part of the act of the association and the comptroller of the currency as to the increase of stock, and that he cannot now come forward and assert that, as to him, the increase as finally made is invalid. In the case of *Eaton* v. *Bank*, 144 Mass. 260, 10 N. E. Rep. 844, the facts were different, for in that case the plaintiff refused to accept her certificate of stock, and demanded back her money.

Judgment should be entered for the plaintiff, and it is so ordered. Judgment for plaintiff.